## UNITED STATES CIRCUIT COURT.

THE UNITED STATES OF AMERICA agt. THE PROPELLER ECHO and others; C. E. GAGER, claimant.

A *propeller*, which is usually employed as a tug-boat in and about a harbor, violates the act of Congress of July 7, 1830, by exclusively *carrying passengers* for hire to any given place for a single trip, without a license obtained under and in pursuance of said act. By an *exception* contained in the act of Congress of August 30, 1852, such a boat is authorized to carry passengers without such license, while it is employed in its *legitimate business* of towing, &c.; but not where it leaves that business *for the purpose* of transporting passengers.

*Northern District of New York, September*, 1860.

NELSON, C. J. This is an appeal from a decree of the district court, adjudging against the propeller a penalty of $500 for a violation of the act of Congress of July 7, 1830, and of the act 30th August, 1852.

It appears from the proofs that the propeller was usually employed as a tug-boat in and about the harbor of Buffalo,

but that on the 11th of June, 1857, she transported some one hundred passengers from Buffalo to Point Albino, Canada, on lake Erie, and back again, a distance of twelve or fifteen miles each way, and took pay for the same.

By § 2 of the act of 1830 it is provided that it shall not be lawful, &c., for the owner, master, or captain of any vessel, &c., to transport any goods or passengers upon bays, lakes, &c., of the United States, without first having obtained from the proper officers a license under existing laws, and without having complied with the conditions of the act. Section forty-two of the act of 1852 exempts steamers used as ferry boats, tug boats, or towing boats.

It is insisted on the part of the defence, that the propeller, in the present case, comes within the exception in the above section, inasmuch as she is usually employed in the business of towing. But the plain answer to the objection is, that the exception does not apply to steamers usually engaged in ferrying or towing, but steamers while thus engaged, or engaged in that business. If they leave that business and engage in transporting passengers, even for a single trip, while thus engaged, they are out of the exception, not only in words, but in the spirit, intent and mischief of the act, and are within the conditions and penalties therein described.

The question is not whether the steamer has been usually employed in the towing business, but what was her employment and service at the time complained of. If transportation of passengers, then she is responsible for a full compliance, with all the conditions required of vessels in that service, whatever may have been, or whatever may subsequently be, her employment. Any construction of the acts short of this would but open the way to any evasion of their requirements.

Decree affirmed.